OPINION
{¶ 1} Plaintiff-Appellant Charlene Morrison appeals from the November 12, 2002, Judgment Entry of the Stark County Court of Common Pleas entering summary judgment in favor of Defendants-Appellees Truck Insurance Exchange (Truck) and Lancer Insurance Company (Lancer).
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On December 13, 2001, Plaintiff-Appellant Charlene Morrison was involved in a two car accident caused by a drunken uninsured motorist. The owner of the vehicle driven by the drunk driver carried state minimum liability limits of $12,500.00 which was tendered and accepted by Plaintiff-Appellant with consent of Appellees Truck and Lancer.
 {¶ 3} At the time of the accident, Plaintiff-Appellant was an employee of Infocision Management Corporation (Infocision) which was insured by Truck under a Business Auto Policy, with liability limits of $500,000 and an Umbrella Policy with limits of $4 million.
 {¶ 4} Coverage was conceded under the Business Auto policy but contested as to the Umbrella policy.
 {¶ 5} At the time of the accident, Plaintiff-Appellant was living with her father who was employed by Davis Tours, Inc. (Davis) which was insured by Lancer under a business automobile policy with liability limits of $5 million but which contained a reduction/rejection of UM/UIM coverage to $12,500/$25,000.
 {¶ 6} On May 7, 2002, and May 17, 2002, Plaintiff-Appellant filed her Complaint and Amended Complaint, respectively, seeking inter alia, a declaration of underinsured motorist coverage under the policies issued by Truck and Lancer.
 {¶ 7} On September 25, 2002, Plaintiff-Appellant filed a Motion for Partial Summary Judgment as to such coverage issues.
 {¶ 8} On October 4, 2002, Truck and Lancer each filed a Cross-Motion for Summary Judgment.
 {¶ 9} On November 12, 2002, the trial court granted Plaintiff's Motion for Summary Judgment as to coverage under Truck's business automobile policy (which has been conceded for purposes of this appeal) and granted Truck's Motion for Summary Judgment denying coverage under the Umbrella policy based on "scope of employment" limitations within the policy. The trial court granted Lancer's Motion for Summary Judgment determining that Plaintiff-Appellant was not an insured under the policy.
 {¶ 10} It is from this decision Plaintiff-Appellant appeals, assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 11} "I. The trial court erred in granting the motion for summary judgment of truck insurance exchange with respect to the umbrella policy and denying plaintiff's motion for summary judgment with respect to the truck exchange umbrella policy."
 {¶ 12} "II. The trial court erred in granting the motion for summary judgment of lancer insurance co. and denying plaintiff's motion for summary judgment with respect to coverage under the lancer policy."
 STANDARD OF REVIEW {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 14} Civ.R. 56(C) states, in pertinent part:
 {¶ 15} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 16} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 17} It is based upon this standard we review appellant's assignment of error.
 I. {¶ 18} Appellant, in her first assignment of error, challenges the trial court's holding that she was not an insured under the umbrella policy issued by Appellee Truck Insurance Exchange Company to her employer, Infocision, because she was not working within the scope of her employment at the time of the accident. We agree.
 {¶ 19} This Court has previously held that where UM/UIM coverage arose by operation of law, scope of employment exclusions are not applicable. See Akron General Medical Center v. James (March 25, 2003), Holmes App. No. 2002CA009.
 {¶ 20} In Akron General Medical Center we held that based uponScott-Pontzer, language in an insurance policy limiting coverage to employees who are acting within the course and scope of their employment is not applicable to UM/UIM coverage which arises by operation of law. See also Brodbeck v. Continental Casualty Co. (Feb. 8, 2002), Lucas App. No. L-01-1269, unreported in which the court held that "[p]ursuant to theScott-Pontzer doctrine, . . . scope of employment exclusion applies solely to excess liability coverage and not to the UIM coverage that has arisen by operation of law."
 {¶ 21} Appellant Charlene Morrison, therefore, is an insured person under the UM/UIM coverage which arose by operation of law to the Truck umbrella policy, even though she was not working within the scope of her employment at the time of the occurrence of the accident which gave rise to the injuries in question.
 {¶ 22} Appellant's first assignment of error is sustained.
 II. {¶ 23} In her second assignment of error, Appellant assigns error to the trial court's finding that she was not an insured under the policy of insurance issued by Lancer to her father's employer, Davis Tours, Inc. We disagree.
 {¶ 24} It is conceded by Appellee Lancer that the reduction/rejection form contained in the business automobile policy was inadequate as such did not comply with the requirements of Linko v.Indemnity Ins. Co. (2000), 90 Ohio St.3d 445. Um/UIM coverage therefore arose by operation of law in an amount equal to the liability limits contained in the policy.
 {¶ 25} This court has previously looked to the language of the auto liability policy to determine who is an insured when the UM/UIM coverage arises by operation of law. See Szekeres v. State Farm Fire andCasualty Co., Licking App. No. 02CA0004, 2002-Ohio-5989; Walton v.Continental Casualty Co., Holmes App. No. 02CA002, 2002-Ohio-3831. See also, Scott-Pontzer v. Liberty Mutual Fire Insurance, 85 Ohio St.3d 660,1999-Ohio-292.
 {¶ 26} We find the policy language in the case sub judice to be virtually identical to the language contained in the policy we reviewed in Jordan v. Travelers Property Casualty Ins. Co. (March 17, 2002), Stark App. No. 2002CA00248, wherein this Court
 {¶ 27} stated:
 {¶ 28} "[T]he auto liability policy does not include language which would protect family members of the insured. The auto liability policy states the following:
 {¶ 29} "WHO IS INSURED
 {¶ 30} "The following are `Insureds':
 {¶ 31} "a. You for any covered `auto'.
 {¶ 32} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow except:
 {¶ 33} "(1) The owner or anyone else from whom you hire or borrow a covered `auto'. This exception does not apply if the covered `auto' is a `trailer' connected to a covered `auto' you own.
 {¶ 34} "(2) Your employee if the covered `auto' is owned by that employee or a member of his or her household.
 {¶ 35} "(3) Someone using a covered `auto' while he or she is working in a business of selling, servicing, repairing or parking `autos' unless that business is yours.
 {¶ 36} "(4) Anyone other than your "employees", partners (if you are a partnership), member (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered `auto'.
 {¶ 37} "(5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered `auto' owned by him or her or a member of his or her household.
 {¶ 38} "c. Anyone liable for the conduct of an `insured' described above but only to the extent of that liability."
 {¶ 39} Thus, if UM/UIM coverage arose by operation of law, Appellant Charlene Morrison, as a family member, would not be an insured under the policy. Therefore, we again find no error.
 {¶ 40} Appellant's second assignment of error is denied.
 {¶ 41} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part and this matter is remanded to the trial court for proceeding consistent with this opinion
By: Boggins, J., Gwin, P.J. and Wise, J. concur.